The Honorable Margaret Kelly, CPA Missouri State Auditor 301 West High, Room 880 Jefferson City, Missouri 65101
Dear Mrs. Kelly:
This opinion letter is in response to your questions asking:
 1) What is the maximum rate of mileage reimbursement that can be legally paid to the county sheriff and deputies when personal automobiles are utilized in civil law enforcement activities?
 2) What is the maximum rate of mileage reimbursement that can be legally paid to the county sheriff and deputies when personal automobiles are utilized in criminal law enforcement activities (including prisoner transportation)?
 3) Is the mileage reimbursement of county officers and employees (other than the sheriff and deputies) affected by the amendment of § 57.350, RSMo, H.B. 1525, Laws 1990, specifically increasing the civil law enforcement mileage reimbursement? (This question involves analyzing the effect of § 50.333.11, RSMo Supp. 1989.)
 4) In view of the provisions of Article X, § 21 of the Constitution of Missouri, may a county be compelled to reimburse mileage expense at an increased level absent a state appropriation to pay the same?
We presume your questions relate to third class counties which are audited by your office. Your questions require review of several statutes relating to reimbursement of county officers and, specifically, county sheriffs.
Sections 57.350, RSMo Supp. 1990, and 57.430, RSMo 1986, are statutes specifically addressing mileage reimbursement to county, sheriffs and deputies. Section 57.350, RSMo Supp. 1990, provides for mileage reimbursement for duties in civil cases and states as follows:
 57.350. Mileage expenses allowed. — 1. The sheriff may, in an emergency or when he deems it essential for the performance of the official duties of his office, permit the use of personally owned motor vehicles by members of his department, but only when no county owned vehicles are available. When such use is authorized, members of the department using their own motor vehicles shall be reimbursed out of the county treasury twenty-five cents for each mile actually and necessarily traveled in the performance of their official duties as prescribed by subsection 2 of this section. [Emphasis added.]
* * *
This section was amended in 1990 by House Bill No. 1525, 85th General Assembly, Second Regular Session (1990) to increase the mileage reimbursement from twenty cents to twenty-five cents per mile.
Section 57.430, RSMo 1986, provides for mileage reimbursement for county sheriffs for duties in criminal cases.[1]
 57.430. Mileage — maximum amount — computed how — statement to be filed, contents (third and fourth class counties). — 1. In addition to the salary provided in sections 57.390 and 57.400, the county commission shall allow the sheriffs and their deputies, payable at the end of each month out of the county treasury, actual and necessary expenses for each mile traveled in serving warrants or any other criminal process not to exceed twenty cents per mile, and actual expenses not to exceed twenty cents per mile for each mile traveled, the maximum amount allowable to be four hundred dollars during any one calendar month in the performance of their official duties in connection with the investigation of persons accused of or convicted of a criminal offense. The county commission may allow an additional two hundred dollars during any one calendar month for these same official duties. When mileage is allowed, it shall be computed from the place where court is usually held, and when court is usually held at one or more places, such mileage shall be computed from the place from which the sheriff or deputy sheriff travels in performing any service. When two or more persons who are summoned, subpoenaed, or served with any process, writ, or notice, in the same action, live in the same general direction, mileage shall be allowed only for summoning, subpoenaing or serving of the most remote. [Emphasis added.]
* * *
Sections 33.095, RSMo 1986, and 50.333.11, RSMo Supp. 1990, pertain to mileage reimbursement for county officers and employees.
 33.095. Mileage allowance, employees of state and certain counties. — Other provisions of law notwithstanding, in every instance where an officer or employee of the state or any county, except first class counties with a charter form of government, is paid a mileage allowance or reimbursement, the allowance or reimbursement shall be computed at the rate of ten cents per mile unless a higher rate is specifically authorized by statute or order of the commissioner of administration.
 50.333. Salary commission, duties of clerk, notice of meetings, members, duties, meetings, report, form, failure to meet, effect of — mileage allowance — "total compensation allowable", defined (noncharter counties).
* * *
 11. Other provisions of law notwithstanding, in every instance where an officer or employee of any county is paid a mileage allowance or reimbursement, the county commission shall allow or reimburse such officers or employees out of the county treasury at the highest rate paid to any county officer for each mile actually and necessarily traveled in the performance of their official duties. The county commission of any county may elect to pay a mileage allowance for any county commissioner for travel going to and returning from the place of holding commission meetings and for all other necessary travel on official county business in the personal motor vehicle of the commissioner presenting the claim. The mileage compensation shall be paid at the end of each month on presentation of a bill by the county commissioner presenting the claim setting forth the number of miles necessarily traveled. [Emphasis added.]
* * *
Subsection 11 of Section 50.333, RSMo, was first enacted by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988). In 1990, Section 50.333, RSMo, was repealed and reenacted by House Committee Substitute for Senate Bill No. 525 and by Senate Bill No. 580, 85th General Assembly, Second Regular Session (1990). Subsection 11 of Section 50.333, RSMo, was not changed by the 1990 repeal and reenactment.
In the context of this background, we address your specific questions:
 1) What is the maximum rate of mileage reimbursement that can be legally paid to the county sheriff and deputies when personal automobiles are utilized in civil law enforcement activities?
Pursuant to Section 57.350, RSMo Supp. 1990, "members of the [county sheriff's] department using their own motor vehicles shall be reimbursed out of the county treasury twenty-five cents for each mile actually and necessarily traveled in the performance of their official duties."
 2) What is the maximum rate of mileage reimbursement that can be legally paid to the county sheriff and deputies when personal automobiles are utilized in criminal law enforcement activities (including prisoner transportation)?
Section 57.430, RSMo 1986, provides for mileage reimbursement of not to exceed twenty cents per mile for sheriffs and their deputies for duties in criminal cases. However, it is necessary to consider also Sections 50.333.11 and57.350, RSMo Supp. 1990.
Section 50.333.11, RSMo Supp. 1990, provides in pertinent part: "[o]ther provisions of law notwithstanding, in everyinstance where an officer or employee of any county is paid a mileage allowance or reimbursement, the county commission shall allow or reimburse such officers or employees out of the county treasury at the highest rate paid to any county officer. . . ." [Emphasis added.] The term "notwithstanding" has been held to mean "in spite of" or "regardless of". Missouri PacificRailroad Company v. Rental Storage Transit Company,524 S.W.2d 898, 908 (Mo.App. 1975). The word "every" is all comprehensive. State ex rel. Randolph County v. Walden,357 Mo. 167, 206 S.W.2d 979, 983 (banc 1947). Therefore, mileage for sheriffs and their deputies for duties relating to criminal cases should be reimbursed "at the highest rate paid to any county officer."
Section 33.095, RSMo 1986, represents an earlier attempt to bring uniformity to mileage reimbursement by requiring all reimbursement for county officers and employees — with the exception of first class counties with a charter form of government — to "be computed at the rate of ten cents per mile unless a higher rate is specifically authorized by statute or order of the commissioner of administration." We note that the current maximum rate of mileage reimbursement established by the commissioner of administration is twenty and one-half cents per mile. See 1 CSR 10-11.020. With the enactment of the amendment to Section 57.350, RSMo Supp. 1990, twenty-five cents per mile is now the maximum rate paid to any county officer or employee for mileage reimbursement.
In considering all of these statutes together, we believe the provision of Section 50.333.11, RSMo Supp. 1990, that the highest rate paid to any county officer should be the rate for all county officers and employees prevails over the twenty cent rate provided in Section 57.430, RSMo 1986. Therefore, the maximum rate of mileage reimbursement that can be legally paid to the county sheriff and deputies when personal automobiles are used in criminal law enforcement activities is twenty-five cents per mile.
 3) Is the mileage reimbursement of county officers and employees (other than the sheriff and deputies) affected by the amendment of § 57.350, RSMo, H.B. 1525, Laws 1990, specifically increasing the civil law enforcement mileage reimbursement?
Based on our discussion in response to your second question, we conclude that the amendment to Section 57.350, RSMo Supp. 1990, increasing the mileage reimbursement for county sheriffs and their deputies to twenty-five cents per mile, when harmonized with Section 50.333.11, RSMo Supp. 1990, results in mileage reimbursement for other county officers and employees at a rate of twenty-five cents per mile. This rate prevails over the rate of twenty and one-half cents per mile established by Section 33.095, RSMo 1986 and 1 CSR 10-11.020.
 4) In view of the provisions of Article X, § 21 of the Constitution of Missouri, may a county be compelled to reimburse mileage expense at an increased level absent a state appropriation to pay the same?
We decline to opine on this question since it has been the long-standing practice of this office not to opine on matters where related litigation is pending. Presently pending in the Supreme Court of Missouri is the case Farrington v. State ofMissouri, No. 73558, involving a state statute mandating additional services by county election officers absent a state appropriation to pay the same. Because of this pending litigation, we respectfully decline to opine on your question.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] Section 57.430, RSMo 1986, has been amended by Senate Bill No. 250, 86th General Assembly, First Regular Session (1991). Senate Bill No. 250 increases the maximum mileage reimbursement for county sheriffs and deputies for duties in criminal cases from twenty cents to twenty-five cents per mile. The bill is effective August 28, 1991.